HARDY, Judge.
This is a suit on a promissory note in which plaintiff named as defendants three brothers, Alton C. Pierce, maker of the instrument sued on, and DeVane and Jack Pierce, payees and endorsers. Inasmuch as’ Alton C. Pierce is the only party contesting plaintiff’s demands, he will be referred to in this opinion as the defendant. There was judgment after trial in the District Court in favor of plaintiff and against the defendant as prayed, from which defendant lias appealed.
The note which is made the basis of this suit is dated at Alexandria, Louisiana, on December 11, 1943, payable on demand to DeVane Pierce and Jack Pierce in the principal sum of $1,500.00, with interest at the rate of 8% from date until paid, together with attorney’s fees fixed at 10% of all amounts due; is signed by Alton C. Pierce and endorsed by DeVane Pierce and Jack E. Pierce by DeVane Pierce as attorney in ■ fact. Pursuant to an exception of vagueness plaintiff filed a supplemental petition alleging that he acquired the note at some time between December 1, 1944, and March 1, 1945.
Prior to dissolution of the business in September, 1943, DeVane and Jack Pierce were engaged in a plumbing and supply business in the City of Alexandria and plaintiff was associated with them as a silent partner. Plaintiff withdrew from the partnership at the time above noted and thereafter the business was conducted by the two Pierce brothers. In December, 1943, the three brothers formed a partnership, under which they organized and began conducting a similar business in the City of Baton Rouge, which was managed by the defendant. In the organization of this partnership in which each of the brothers, by verbal agreement, participated to the extent of a one-third interest, the defendant, Alton: C. Pierce, executed the note above described, which represented his contribution to the capital investment, in the business. Still another enterprise of like nature was later organized by the three-brothers in the City of Lake Charles. 'It is therefore to be seen that all' three of the brothers were partners in the Baton Rouge- and Lake Charles -businesses, but only two,, namely DeVane and Jack, were interested! in the Alexandria concern.
*340 Sometime early in ■ the year 1946 the brothers dissolved the'partnership-business in Baton Rouge and Lake Charles, which dissolution was accomplished by written agreement.
In April, 1944, Jack Pierce entered the military service and continued therein until his discharge in 1945. The business in' Alexandria during Jack’s absence was conducted and managed by DeVane, who was named as attorney in fact by his brother in a written instrument which conferred full powers.
It is' established that plaintiff, O’Shee, after his withdrawal from his partnership with Jack and DeVane Pierce, on frequent occasions accommodated the Pierce brothers’ Alexandria business by making loans of substantial sums of money. It appears that these loans were 'made by “swapping checks” in the course of which negotiations the plaintiff, O’Shee, would give DeVane Pierce a check-which the latter would cash and use and O’Shee would hold DeVane’s check for a period of time until sufficient funds were accumulated to the credit of the business to cover payment. One of these transactions led up, by a sequence of events, to this litigation. Sometime in November, 1944, according to the uncon-tradicted testimony of plaintiff, he gave DeVane Pierce a check for $1,500.00 and received in return a check from De-Vane Pierce dated November 24, 1944, in a like sum. Plaintiff attempted several times, according to his testimony, to cash the check which he held, but on these occasions was advised by the bank that there were not sufficient funds to the credit of Pierce Plumbing & Sales Company to permit payment. DeVane Pierce, unable to make payment of the check which he had given plaintiff, delivered in lieu thereof the note above described. Plaintiff held the note without making demand for payment upon the maker until September 14, 1948, on which date he directed a letter to Alton Pierce at Baton Rouge, the body of which we quote: “I have been trying to talk to DeVane for the last month regarding a $1500.00 note which he gave me back in 1945, signed by you, made on demand, to DeVane & Jack Pierce. I dont know if you are familiar with my dealings with Jack and DeVane, but’over a period of the last few years- I ■ have let DeVane have considerable monies, through endorsement and collateral notes. This note that' I hold against you is dated December the 11th 1943, and I am sure you are aware of the fact that a note expires in five years so for that reason you will have to give me a-new ’note or pay the old one. I am not in a position to carry this note as I have in the past, so1 will appreciate hearing from you at once.” ■
.. This letter was introduced in evidence by defendant. In reply, under date of September 15, 1948, Alton Pierce wrote plaintiff as follows: “I have your letter concerning the note by me to DeVane and Jack. Please send me by return mail an exact copy of the note and the date on which you acquired it. Upon receiving this information I shall be in a better position to' answer this request.”
Since the running of the prescriptive period was near at hand plaintiff sought legal advice and, acting upon such advice, instituted this suit for the collection of the disputed instrument.
Defendant contends that plaintiff is not a holder in due course and before maturity inasmuch as the maturity of a demand note is conceded to be its date, further denies that plaintiff was the holder of the note for a valuable consideration or for any consideration whatsoever, and, finally, sets up the payment of the note.
Plaintiff’s counsel concedes that plaintiff, who took the note by endorsement an unreasonable time after its date, cannot be considered a holder in due course and therefore is subject to all equities which might be urged by the maker of the instrument. The claim of want of consideration has not been urged before this Court and we need only say in passing that the District Judge correctly found as a fact on the basis of an overwhelming preponderance of the testimony that plaintiff received the note in lieu of a bad check that had been given for repayment of the sum .of $1,500.00 advanced by plaintiff to the defendant, DeVane Pierce.
*341 The sole remaining question involves the plea- ■ of payment. Defendant contends that under the agreement of dissolution of the partnership businesses in Baton Rouge and Lake Charles the three brothers discharged all obligations between themselves. No satisfactory explanation is given as to why the surrender of the note in question was not demanded, and on this point defendant could only testify that he forgot about the existence of the note. And although he testified that the note was included in the settlement of the Baton Rouge partnership and was taken into consideration in an audit of the firm’s business upon which the settlement was based, the audit was not introduced in evidence.
On this point the pertinent fact which is determinative of this case is the date of plaintiff’s acquisition of the note. Neither plaintiff nor DeVane Pierce could fix an exact date but both were agreed that the note was given to plaintiff between the dates of December 1, 1944, and March 1, 1945, and it must be noted that the letter above quoted, which was introduced in evidence by defendant, makes the statement that the note was acquired by plaintiff “back in 1945”. The District Judge found as a fact that the note was acquired about the time set forth.
In view of the fact that the settlement between the brothers took place in February, 1946, we are at a loss to understand how defendant can urge the plea of payment as an equity against this plaintiff who had acquired the note a year prior thereto.
Defendant relies for substantiation of this contention principally upon the testimony of Jack Pierce. The record in this case clearly reflects feelings of bitterness and animosity between the brothers. Painstaking consideration of the record has failed to disclose the establishment of any fact which might logically be asserted by defendant as evidencing plaintiff’s acquisition of the note at a later date than that for which plaintiff contends. There is a mass of testimony based upon hearsay, conjecture and speculation, none of which is founded on established and proven fact. Wild charges of collusion and fraud are reflected in the ¡testimony of .certain of the witnesses. We think it -unnecessary to discuss these matters in any detail since our opinion accords entirely ’ with the findings of fact by our learned brother of the District Court.
Counsel for plaintiff has urgently contended in argument and brief that the evidence in the record bearing upon the alleged payment of the note was improperly admitted by the Trial Judge'in the face of the timely objection that such evidence enlarged the pleadings. We pretermit discussion of this particular point, preferring to base our conclusions upon what we regard as' the clearly established merits rather than upon the somewhat technical rule of evidence.
We have found not the slightest difficulty in resolving the facts of this case and under the facts we think there is no question of law involved. Certainly the plea of payment relied upon by defendant cannot be urged as an equity against plaintiff in view of the fact that the alleged payment was made long after plaintiff’s acquisition of the note. At the time he acquired the instrument no'equities existed in favor of defendant which he could have urged against plaintiff’s rights.
It is noted that learned counsel for defendant in brief before this Court cites a number of authorities bearing upon the transfer of a nonnegotiable instrument. In our opinion these citations are not pertinent since the instrument cannot be considered in the light of a nonnegotiable obligation. There was no restriction whatsoever with respect to the negotiation of the instrument.
A number of minor points have been made by zealous counsel for both parties, none of which, however, are regarded as being of sufficient importance, with respect to their effect upon the determination of this case, to necessitate comment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.